UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LETHORNIA J. WHITICAR, JR. | CIVIL ACTION |
| VERSUS | No. 24-1287 |
| PARISH HOSPITAL SERVICE DISTRICT FOR THE PARISH OF ORLEANS, DISTRICT A D/B/A/ NEW ORLEANS EAST HOSPITAL AND LOUISIANA CHILDREN'S MEDICAL CENTER D/B/A LCMC HEALTH | SECTION: "J"(2) |

## ORDER & REASONS

Before the Court are Defendant Louisiana Children's Medical Center d/d/a/ LCMC Health ("LCMC")'s *Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6)* **(Rec. Doc. 22)**, an opposition thereto (Rec. Doc. 23), and a reply (Rec. Doc. 25). LCMC seeks dismissal with prejudice of all claims for race-based discrimination and retaliation under 42 U.S.C. § 1981. Having considered the motion and memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff, Lethornia J. Whiticar, Jr., an African American male, was employed by LCMC within its Plant Operation Department ("POD") at the Parish Hospital Service District for the Parish of Orleans, District A d/b/a New Orleans East Hospital

(hereinafter "NOEH"). Plaintiff's immediate supervisor was the POD's Facilities Director, Karl Warner ("Warner"), a Caucasian male.

During his employment, Plaintiff performed his job without complaint and advanced from an Engineer II to a First Class Engineer (Engineer I) and eventually becoming LCMC's Chief Engineer. As he advanced, Warner failed or refused to treat Plaintiff in a similar manner in which Warner treated LCMC's previous Chief Engineer, who was a Caucasian male. (Rec. Doc. 18, at ¶ 9). Specifically, Plaintiff alleges Warner failed and/or refused to: acknowledge Plaintiff as LCMC's Chief Engineer; inform Plaintiff about ongoing projects, his job duties or responsibilities as Chief Engineer; provide Plaintiff access to certain areas within the POD; and allow Plaintiff to "step-up" as acting Director over the department when Warner was absent from work. *Id.*

In the latter half of 2022, Warner informed LCMC of his retirement. Following this announcement, Danielle S. Willis, LCMC's Chief Financial Officer/Chief Administrative Officer, informed Plaintiff that he would become LCMC's next Facilities Director. However, Warner "vehemently disagreed with Ms. Willis' decision. He did not want an African American to replace him." *Id.* at ¶ 12. Warner then recommended his office coordinator, a Caucasian female, as Facilities Director, "even though her employment history and/or educational background did not satisfy the minimum requirements to become [LCMC's] Facilities Director." *Id.* at ¶ 13. Additionally, Warner "began verbally undermining [Plaintiff's] character, work ethic, job performance and mental capacity." *Id.* at ¶ 14.

2

On November 24, 2022, Plaintiff reported his concerns to LCMC's Human Resources representative, regarding Warner's behavior and informed the HR representative that "Warner did not want an African American to become [LCMC's] next Facilities Director and that Warner has repeatedly utilized stereotypical race-based characterizations when describing [Plaintiff's] ability to perform his job duties and responsibilities." *Id.* at ¶ 16.

On January 13, 2023, Plaintiff's job performance was evaluated by Warner. Warner gave him a poor job performance rating, which was Plaintiff's first ever poor performance rating. *Id.* at ¶ 17. Further, Plaintiff was demoted from Chief Engineer to the First-Class Engineering position (Engineer I).

LCMC eventually hired a Caucasian male to be LCMC's Facilities Director. *Id.* at ¶ 18.

On May 17, 2024, Plaintiff filed suit for race-based discrimination and retaliation pursuant to 42 U.S.C. § 1981, naming NOEH as the defendant. (Rec. Doc. 1, at ¶ 20). On February 19, 2025, Plaintiff filed his First Amended Complaint, naming LCMC as a defendant. (Rec. Doc. 18).

Defendant LCMC filed this instant motion to dismiss all claims as to it on grounds that Plaintiff's claims are time-barred, and that Plaintiff has failed to plead sufficient facts to make out his Section 1981 retaliation claim. (Rec. Doc. 22, at 1).

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

## DISCUSSION

In this instant motion, LCMC argues Plaintiff's § 1981 discrimination claim (i.e., failure-to-promote), and retaliation claim are both time barred because the statute of limitations for both claims is one year. (Rec. Doc. 221, at 3–4,6). Having reviewed the caselaw on its own, the Court agrees that a § 1981 discrimination claim (Plaintiff's failure-to-promote claim) is governed by a statute of limitations of one year. However, the Court disagrees that a one year statute of limitations governs a § 1981 retaliation claim because relevant case law, discussed below, establishes that the federal four year "catch all" statute of limitations governs § 1981 retaliation claims.

Pursuant to Section 1981, it is unlawful to discriminate on the basis of race in making and enforcing contracts. 42 U.S.C. § 1981(a). Section 1981 does not contain a statute of limitations. *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 371 (2004). Therefore, federal courts should apply the "most appropriate or analogous state statute of limitations to claims based on asserted violations of § 1981." *Id.* Accordingly, Louisiana's one-year prescriptive period for delictual actions applies. *See Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367 (5th Cir. 2008) (citations omitted); *Taylor v. Bunge Corp.*, 775 F.2d 617, 618 (5th Cir. 1985). However, for actions arising under federal statutes enacted after December 1, 1990, courts must apply a "catchall" four-year statute of limitations. 28 U.S.C. § 1658 ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues."); *Mitchell*, 265 F. App'x at 367.

Section 1981 was originally enacted as part of the Civil Rights Act of 1866, covering "only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process." *Patterson v. McLean Credit Union*, 491 U.S. 164, 179 (1989). Section 1981 "did not protect against harassing conduct that occurred after the formation of the contract." *Jones*, 541 U.S. at 373 (". . . [I]t is clear that petitioners' hostile work environment, wrongful discharge, and refusal to transfer claims do not state violations of the original version of § 1981."). In 1991, Congress, through The Civil Rights Act of 1991, amended Section 1981, creating a cause of action for discriminatory and retaliatory conduct

5

occurring after the formation of the contract. *See id.* ("Congress. . . add[ed] a new subsection to § 1981 that defines the term 'make and enforce contracts' to include the 'termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.'"). In other words, "[t]he 1991 revisions allow a plaintiff to sue for conduct, such as harassment or termination, that occurs after contract formation." *Johnson v. Crown Enterprises, Inc.*, 398 F. 3d 339, 341 (5th Cir. 2005).

Therefore, where Plaintiff's claim was available under the original Section 1981, the Court must apply the analogous state statute of limitations—Louisiana's one-year prescriptive period. *Jones,* 541 U.S. at 371; *Taylor*, 775 F.2d at 618. However, where Plaintiff's claim is only available under the amended Section 1981, the cause of action is said to be "arising under" the Civil Rights Act of 1991 and the federal four-year statute of limitations provided by Section 1658 applies. *Jones*, 541 U.S. at 382.

### A. Failure to Promote

Failure to promote claims were actionable under the original Section 1981, if "the nature of the change in position was such that it involved the opportunity to enter into a new contract," meaning "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under [the original Section 1981]." *Patterson*, 491 U.S. at 185; *See Hill v. Cleco Corp.*, 541 F. App'x. 343, 345 (5th Cir. 2013).

Here, there is no disagreement that Plaintiff's would-be-promotion to Facilities Director rose to the level of an opportunity for a new and distinct relation. Plaintiff alleges sufficient facts in his First Amended Complaint to hold that such a promotion created a new and distinct relation with LCMC. Taking the facts in the pleading as true, Plaintiff's title and responsibilities would change; his compensation would increase; and LCMC would have provided additional training for the position. (Rec. Doc. 18, ¶¶ 11, 24). LCMC does not dispute this issue. Accordingly, Louisiana's one year prescriptive period applies because the would-be-promotion to Facilities director rose to the level of an opportunity for a new and distinct relation between Plaintiff and LCMC. Therefore, next issue to address would be when did the statute of limitations begin to accrue—January 2023 or June 2023.

LCMC argues that adverse action and discriminatory conduct occurred on or about January 13, 2023, the date of Plaintiff's poor performance rating and demotion. (Rec. Doc. 22-1, at 3). Whereas Plaintiff, rather than offering any substantive argument, requests leave of Court to amend his complaint to "clearly allege" that Plaintiff's failure-to-promote claim "based on Plaintiff's race occurred in June 2023, when [LCMC], instead of promoting Plaintiff to the Facilities Director position. . ., hired a white male." (Rec. doc. 23, at 5). The current amended complaint makes no reference to the June 2023 date. "Although state law governs the substantive limitation period, federal law determines when a civil rights action accrues, and therefore, when the statute of limitations begins to run." *Perez v. Laredo Junior Coll.*, 706 F.2d 731, 733 (5th Cir. 1983) (citations omitted). The limitations period begins to

7

run "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (citations omitted).

Here, the Court finds that Plaintiff's failure-to-promote claim began to accrue on January 13, 2023, not June 2023. Plaintiff knew or had reason to know that he would not be promoted to Facilities Director in January 2023 when he received a poor performance review and was demoted from Chief Engineer to First Class Engineer. Further, Plaintiff failed to state any material facts that he would include in a second amended complaint that would overcome this deficiency. Therefore, amending the complaint would be futile because Plaintiff's failure-to-promote claim is time-barred. *See Lancaster v. Harris Cnty.*, 821 F. App'x 267, 272 (5th Cir. 2020) ("Although leave to amend should be given 'freely'. . ., 'denying a motion to amend is not an abuse of discretion if, as here, 'allowing an amendment would be futile[.]'") (internal citations omitted). Plaintiff cannot plead around the statute of limitations. Plaintiff filed suit on May 17, 2024; therefore, any § 1981 failure-to-promote claim occurring before May 17, 2023 would be time-barred. As such, the Court finds that Plaintiff's failure-to-promote claim, beginning to accrue on January 13, 2023, is time-barred and should be dismissed.

**B. Retaliation**

The Court disagrees with LCMC's application of Louisiana's one-year prescriptive period. From the pleadings and the briefing, the alleged retaliatory

conduct occurred on January 13, 2023, when LCMC demoted Plaintiff from Chief Engineer to First Class Engineer. (Rec. Docs. 25, at 2; 18, at ¶¶ 17,18).

It is well established that the four-year statute of limitations that 28 U.S.C. § 1658 prescribes applies to § 1981 retaliation claims because a retaliation claim became possible only after the amendments in the Civil Rights Act of 1991. *See CBOS West, Inc. v. Humphries*, 553 U.S. 442, 447–57 (2008); *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 369 (5th Cir. 2008) ("[A] retaliation claim typically involves a plaintiff who is a current or former employee, that is, one who already has entered into a contract, and the 1991 amendments made clear that § 1981 reaches post-formation conduct."); *Butler v. Exxon Mobil Refining and Supply Co.*, No. 07-386, 2009 WL 10679375, at *11 (M.D. La. Dec. 7, 2009) (finding that any Section 1981 claims for discrimination, harassment, and retaliation are subject to the federal four year statute of limitations).

Here, the Amended Complaint alleges "violations of the Civil Rights Act of 1866, as amended, 42 U.S.C. §[ ]1981 (1994), *et seq*. including, but not limited to, subjecting Plaintiff to intentional race-based employment discrimination *and* retaliation." (Rec. Doc. 18, at ¶ 19) (emphasis added). The alleged retaliatory conduct occurred on January 13, 2023, when Plaintiff received a poor performance review and was demoted. Such retaliation occurred post-formation of Plaintiff's employment contract with LCMC. Therefore, Plaintiff's retaliation claim arises under the Civil Rights Act of 1991 and the federal four-year statute of limitations provided by Section

9

1658 applies. *See Jones*, 541 U.S. at 382. As such, the Court finds that Plaintiff's retaliation claim should not be dismissed because it is not time-barred.

The Court does not address LCMC's final argument of whether Plaintiff failed to sufficiently plead his retaliation claim. The Court finds that Plaintiff should be permitted leave to amend his complaint, putting his best case forward.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART** as it relates to Plaintiff's § 1981 failure-to-promote claim.

**FURTHER, IT IS HEREBY ORDERED** that the motion is **DENIED IN PART**, **without prejudice**, as it relates to Plaintiff's § 1981 retaliation claim. Plaintiff shall file **within 21 days of this Order** his second amended complaint *clearly* alleging his § 1981 retaliation claim. Defendant, LCMC, is permitted to refile its motion to dismiss for failure to sufficiently plead his retaliation claim.

New Orleans, Louisiana, this 11th day of June, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE