UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LETHORNIA J. WHITICAR, JR. | CIVIL ACTION |
| VERSUS | NO: 24-1287 |
| PARISH HOSPITAL SERVICE DISTRICT FOR THE PARISH OF ORLEANS, DISTRICT A D/B/A NEW ORLEANS EAST HOSPITAL ET AL. | SECTION: "J"(2) |

**ORDER AND REASONS**

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 43)** filed by Defendants Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC") and Parish Hospital Service District for the Parish of Orleans, District A d/b/a New Orleans East Hospital ("NOEH"). Plaintiff Lethornia J. Whiticar filed an opposition to the motion. (Rec. Doc. 48). Defendants filed a reply. (Rec. Doc. 53). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

**FACTS AND PROCEDURAL BACKGROUND**

This is an employment dispute involving alleged retaliation under § 1981 of the Civil Rights Act of 1866. (Rec. Doc. 28). Plaintiff Lethornia J. Whiticar, Jr., an African American male, alleges that he began his employment with Defendants in August 2018. (Rec. Doc. 48, at 2). Plaintiff's immediate supervisor was Karl Warner, a Caucasian male. (Rec. Doc. 32). Mr. Warner's immediate supervisor was Danielle

1

Willis, an African American female. (Rec. Doc. 28, at 3). Ms. Willis was the Chief Financial Officer and Chief Administrative Officer at NOEH. *Id.*

Plaintiff alleges that on or about November 24, 2023, he reported to Brion Stanford, Director of Human Resources for NOEH, that he believed he was being racially discriminated against by Mr. Warner. *Id.* at 5–6. Plaintiff claims that he reported Mr. Warner's behavior to Mr. Stanford alone and in person. (Rec. Doc. 43-3, at 27:16–19). On February 12, 2023, Ms. Willis demoted Plaintiff from the position of Chief Engineer to Engineer I. (Rec. Doc. 48-2, at 4; Rec. Doc. 43-2, at 3). Ms. Willis claims that she demoted Plaintiff solely due to his poor job performance as Chief Engineer. (Rec. Doc. 43-2, at 4).

On May 17, 2024, Plaintiff filed suit in the U.S. District Court for the Eastern District of Louisiana against NOEH alleging raced-based employment discrimination and retaliation under § 1981 of the Civil Rights Act of 1866 and seeking, among other things, back pay, front pay, benefits, medical expenses, compensatory damages arising from his mental anguish, and attorney's fees. (Rec. Doc. 1, at 6–7). On February 19, 2025, Plaintiff filed his first amended complaint adding LCMC as a Defendant. (Rec. Doc. 18, at 2).

On March 11, 2025, Defendants filed a Motion to Dismiss Plaintiff's claims. (Rec. Doc. 22). On June 11, 2025, this Court granted the motion in part, dismissing Plaintiff's discrimination claim but allowing Plaintiff to amend his complaint to clearly allege his retaliation claim. (Rec. Doc. 27, at 10). On July 1, 2025, Plaintiff filed his second amended complaint providing additional facts to support his

2

retaliation claim. (Rec. Doc. 28). On July 15, 2025, Defendants filed a second Motion to Dismiss Plaintiff's retaliation claim (Rec. Doc. 29), a motion which the Court denied on August 6, 2025. (Rec. Doc. 32).

Defendants filed the instant *Motion for Summary Judgment* (Rec. Doc. 43) on November 25, 2025. Plaintiff filed their opposition.[1] (Rec. Doc. 48). Defendants filed their reply. (Rec. Doc. 53).

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When evaluating whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008) (citations omitted). The

---

[1] Defendants initially set their *Motion for Summary Judgment* for submission on December 10, 2025. (Rec. Doc. 43). Accordingly, Plaintiff's opposition was due no later than December 2, 2025. E.D. La. L.R. 7.5 (2025). However, on December 2, 2025, this Court extended the submission date for Plaintiff's opposition after the Court granted in part Plaintiff's opposed *Motion for Extension of Deadlines* (Rec. Doc. 44), allowing Plaintiff to file his opposition no later than December 9, 2025 (Rec. Doc. 51). After filing his opposition on December 9, 2025, Plaintiff twice sought to untimely bolster his opposition by filing a *Motion for Leave to Supplement Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment* (Rec. Doc. 52) on December 12, 2025 and a *Motion for Leave to Supplement Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment with the Sworn Declaration of Shanel Bartholomew* (Rec. Doc. 55) on December 16, 2025. Defendants filed oppositions to each of these motions. (Rec. Doc. 54; Rec. Doc. 57). The Court denied both motions, deciding to consider Defendants' *Motion for Summary Judgment* on the timely filed briefs. (Rec. Doc. 58). However, even if the Court had allowed Plaintiff to supplement his opposition, the Court finds that it would not have changed the outcome here.

moving party bears the initial burden of demonstrating that there is no genuine dispute as to any material fact. *Little*, 37 F.3d at 1075.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. When the moving party meets this burden, the non-moving party "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 325). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with "conclusory allegations" or "unsubstantiated assertions." *Id.* (citations omitted). A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## **DISCUSSION**

Plaintiff claims that Defendants retaliated against him for reporting discriminatory behavior. (Rec. Doc. 28, 5–6). To prove a retaliation claim, Plaintiff must establish a prima facie case by showing that "(1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action." *Wantou v. Wal-Mart Stores Texas, L.L.C.*, 23 F.4th 422, 436–37 (5th Cir. 2022) (citations omitted). If successful, the burden shifts to the employer to provide a "legitimate, nonretaliatory reason" for the adverse employment action. *Id.* at 437 (citations omitted). If the employer

4

satisfies this burden, then the employee "bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real . . . retaliatory purpose." *Smith v. Bd. of Supervisors of S. Univ.*, 656 F. App'x 30, 32 (5th Cir. 2016) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007)). Plaintiff must "produce substantial evidence indicating that" Defendants' reasons are pretextual and "that the protected activity was the 'but for' cause of the retaliation." *Id.* at 33 (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 318 (5th Cir. 2014)) (citations omitted).

The Court finds that Plaintiff has failed to provide sufficient evidence to establish the causation element of his prima facie case. To establish causation, Plaintiff "must demonstrate that the decision maker had knowledge of the protected activity." *Tureaud v. Grambling State Univ.*, 294 F. App'x 909, 914 (5th Cir. 2008). "If the decisionmakers were completely unaware of the plaintiff's protected activity, then it could not be said (even as an initial matter) that the decisionmakers might have been retaliating against the plaintiff for having engaged in that activity." *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 883 n.6 (5th Cir. 2003).

Plaintiff does not dispute that Ms. Willis, the ultimate decision-maker in his demotion, was unaware that he reported the alleged racial discrimination to Mr. Stanford. In his deposition, Plaintiff admitted that he reported the alleged racial discrimination to Mr. Stanford in person and only to Mr. Stanford:

Q: Where did this take place?

A: In Brion's office.

> Q: Was anyone else present?
>
> A: No.

(Rec. Doc. 43-3 at 27:16–19).

Plaintiff presents no evidence that he informed anyone else about this meeting. In his signed declaration, in addition to denying that Plaintiff ever reported alleged racial discrimination, Mr. Stanford swears that he "never informed anyone at LCMC," including Ms. Willis or Mr. Warner, "that Plaintiff complained of or reported any race-based discrimination." (Rec. Doc. 43-4, at 5). In her sworn declaration, Ms. Willis denies that she had any knowledge of Plaintiff's alleged report to Mr. Stanford. (Rec. Doc. 43-2, at 4). Plaintiff presents no evidence that Mr. Stanford, or anyone else, notified Ms. Willis of his alleged complaint. It cannot be said that Ms. Willis demoted Plaintiff for his alleged reporting of unlawful activity when she did not know that Plaintiff allegedly reported the activity in the first place. Accordingly, Plaintiff's retaliation claim fails at the prima facie stage.

Even if Plaintiff could establish causation, Defendants have a legitimate, nonretaliatory reason for demoting him, namely Plaintiff's poor job performance as Chief Engineer, and Plaintiff has failed to produce the substantial evidence necessary to prove that this reason was pretextual for retaliation. Accordingly, the Court finds that Defendants have satisfied their Rule 56 burden and that summary judgment in their favor is warranted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion for Summary Judgment* **(Rec. Doc. 43)** is **GRANTED**.

New Orleans, Louisiana, this 9th day of January, 2026.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE